Filed 3/3/23  In re Flores CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re ANTHONY FLORES on Habeas Corpus. | C092887<br><br>(Super. Ct. No. 19HC00539) |

In 2011, petitioner Anthony Flores was convicted of assault with a deadly weapon and two counts of evading a peace officer.  He was sentenced to 16 years four months in prison.  "In 2016, voters approved Proposition 57, the 'Public Safety and Rehabilitation Act of 2016.'  Proposition 57 amended the California Constitution to grant early parole consideration to persons convicted of a nonviolent felony offense.  (Cal. Const., art. I, § 32, subd. (a)(1).)[1]  It also authorized the Department of Corrections and Rehabilitation ([Department]) to adopt regulations in furtherance of its guarantee of early parole

---

[1]     All further references in this opinion to section 32 and its subdivisions are to article I, section 32 of the California Constitution.

1

consideration. (*Id.*, subd. (b).) Acting pursuant to this authority, [the Department] issued regulations governing early parole consideration for persons serving a determinate sentence for a nonviolent felony offense. (Cal. Code Regs., tit. 15, §§ 2449.1, 2449.3-2449.7, 3490-3493 (hereafter, the parole regulations).)" (*In re Kavanaugh* (2021) 61 Cal.App.5th 320, 334, fns. omitted.)

In 2019, the Board of Parole Hearings (Board) considered petitioner for Proposition 57 parole but found him unsuitable. In the parole consideration proceeding, the Board allowed petitioner to submit a written statement explaining why he should be granted parole. The Board explained "[t]his [wa]s a 'paper review' process" and "[t]here w[ould] not be a hearing for [petitioner] or others to attend." (Boldface omitted.) Petitioner filed a petition for writ of habeas corpus in the trial court. Pertinent to this appeal, the trial court granted petitioner and another former prisoner, Larry Bailey, habeas corpus relief after finding federal and state procedural due process principles and equal protection entitled them to a live parole suitability hearing under Proposition 57. The trial court further ordered the Department to, within 60 days of the finality of the decision, promulgate new parole regulations to reflect an eligible inmate's right to an in-person hearing on parole suitability under Proposition 57. The Department appeals.

The trial court's order in this appeal was the subject of our opinion in *In re Bailey* (2022) 76 Cal.App.5th 837, review denied July 13, 2022, S274205. In that case, we considered "whether determinately sentenced nonviolent prisoners eligible for parole consideration under Proposition 57 are constitutionally entitled to an in-person hearing." (*Id.* at p. 842.) We answered the question in the negative and concluded "Proposition 57 neither requires nor impliedly incorporates an in-person hearing requirement, and the Department acted within its delegated authority under section 32, subdivision (b) when it adopted the parole regulations at issue in [that and] this appeal. We further conclude[d] the absence of an in-person hearing does not violate equal protection principles, nor does it violate a prisoner's right to procedural due process." (*Ibid.*) In reaching the foregoing

2

conclusions, we agreed with and found no merit in Bailey's attack on *Kavanaugh*, in which the appellate court concluded the parole regulations were consistent with section 32's "guarantee of parole consideration and do not violate prisoners' procedural due process rights." (*In re Kavanaugh*, *supra*, 61 Cal.App.5th at p. 335.)

The Department asks us to follow *Bailey* and *Kavanaugh* and reverse the trial court's order because (1) "nothing in Proposition 57's text sets forth procedures on how the state is to provide nonviolent parole consideration to eligible inmates"; (2) the trial court "erred in concluding that the parole process for nonviolent, determinately sentenced offenders violates due process"; and (3) the trial court "erroneously determined that [petitioner] was entitled to an in-person parole hearing on equal protection grounds." Petitioner argues this appeal "offers the court the opportunity to reconsider the flawed reasoning in *Kavanaugh* and protect Proposition 57 parole applicants' fundamental due process rights." In other words, petitioner challenges the *Kavanaugh* court's procedural due process analysis.

We decline to reconsider our position in *Bailey*, in which we agreed with the *Kavanaugh* court's procedural due process analysis. (*In re Bailey*, *supra*, 76 Cal.App.5th at pp. 857-864.) We thus reverse the trial court's order.

## DISPOSITION

The order granting petitioner's petition for writ of habeas corpus is reversed.


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
HULL, J.


/s/_____
EARL, J.

4